UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CATHERINE H. McMAHAN, AS CONSERVATOR OF LAWRENCE G. "LARRY" HANCOCK; H. SYCAMORE CREEK L.P.; and SYCAMORE CREEK RANCH MANAGEMENT GROUP LLC<br>*Plaintiffs,*<br><br>v.<br><br>JOHN W. PETRY; ROBERT B. WERNER; J. PATRICK ROUSE; STEVEN R. BROOK; LANGLEY & BANACK, INC.; and JOHN DOES 1–10<br>*Defendants*. | §§§§§§§§§§§§§§ | CAUSE NO. 5:21-CV-00219 |

## DEFENDANT J. PATRICK ROUSE'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL PETITION IN PART

Defendant J. Patrick Rouse moves for dismissal of Plaintiff's fraud causes of action under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

### INTRODUCTION

1. This case arises from the named Defendants' representation of Lawrence "Larry" G. Hancock in a series of real estate transactions. Because Plaintiffs have failed to meet the heightened pleading requirement of fraud under Rule 9(b), their fraud claims must be dismissed with prejudice.

### PLEADING BACKGROUND

2. Plaintiffs alleges that Lawrence "Larry" G. Hancock retained the Defendants to represent him in a series of real estate transactions regarding the "Weston Ranch." Petition, ¶ 15. Plaintiffs break down the various transactions as those occurring in 2012, 2013, 2016, and 2018.

Petition, ¶¶ 74–77. Plaintiffs generally allege that the Defendants committed fraud by failing to make certain disclosures as part of those transactions. *Id.*

## STANDARD FOR DISMISSAL

3. Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A Rule 12(b)(6) motion requires the court to "accept the plaintiff's well-pleaded facts as true and [to] view them in the light most favorable to the plaintiff." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007). However, the court 'will not strain to find inferences favorable to the plaintiffs' and will not accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Inves. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). The court must consider the complaint in its entirety, as well as other documents and other matters of which the Court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). If the complaint and other documents that may be considered do not set forth enough facts to state a claim for relief that is plausible on its face, it must be dismissed. *Hines v. Allredge*, 783 F.3d 197, 201 (5th Cir. 2015).

4. Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005). "In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the

way in which the omitted facts made the representations misleading." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). "Although the nature of an omission renders it more difficult to plead with particularity than an affirmative misrepresentation, Plaintiffs must still comply with Rule 9(b)." *Hoffman v. AmericanHomeKey, Inc.*, 23 F.Supp.3d 734, 745 (N.D. Tex. 2014).

### ARGUMENTS AND AUTHORITIES

5.  Plaintiffs do not allege in their "Facts" section any allegations of fraud. Only in Count 4 do they have any allegations of fraud by omission "relating to the existence, nature, implications, and possible adverse consequences of the common representation of the multiple parties to the subject transactions." Plaintiffs do not plead what representations made by Rouse were allegedly misleading or false with respect to any of the Weston Ranch transactions, when or where those statements were made, or why the statements were fraudulent in the absence of the allegedly omitted disclosures. *See Hoffman v. AmericaHomeKey, Inc.*, 23 F.Supp.3d at 747 ("Plaintiffs have failed to provide any details as to the communications between the parties such that the Court could determine "the place in which the omissions should have appeared" or "the way in which the omitted facts made the representations misleading.") (internal quotation marks and citation omitted); *Blessett v. Garcia*, 2019 WL 4103965, at *5 (S.D. Tex. 2019) ("[T]he Court finds that Blessett has not specified the statements contended to be fraudulent, when and where a fraudulent statement was made, or explain why a particular statement was fraudulent.").

6.  In addition, Plaintiffs allege in a conclusory manner that they suffered significant monetary injury as a result of acting without the disclosures. Petition, ¶ 80. Because they have failed to plead what representations by Rouse were misleading by virtue of the alleged omissions, they have failed to plead that that Larry or the Plaintiffs justifiably or actually relied on any representations that were made without the disclosures or what damages they suffered from

entering into the transactions because of alleged omissions. *See S.A.H.H. Hosp. Mgmt., LLC v. San Antonio Hosp. Mgmt, Inc.*, 2013 WL 5755611, at *7 (W.D. Tex. 2013).

**PRAYER FOR RELIEF**

7. Defendant J. Patrick Rouse prays that the Court grant its motion to dismiss, dismiss Plaintiffs' fraud causes of action with prejudice, and for any other relief to which he may be justly entitled in law or equity.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  Joseph E. Cuellar
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Joseph E. Cuellar**
State Bar No. 24082879
jcuellar@valdeztrevino.com
*Counsel for Defendant J. Patrick Rouse*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 4th day of March 2021, pursuant to Rule 5 of the Federal Rules of Civil Procedure, via email:

Shane Langston
Langston & Langston, PLLC
412 Mesa Ranch Ct.
Southlake, TX 76092

Justin Broome
Langston & Langston, PLLC
416 East Amite St.
Jackson, Mississippi 39201
*Counsel for Plaintiffs*

                                        */s/* Joseph E. Cuellar
                                        **Joseph E. Cuellar**