IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CATHERINE MCMAHAN, et al. )  <br>   Plaintiffs )  <br> ) <br> V. ) <br> ) <br> JOHN W. PETRY, et al. ) <br>   Defendants ) | Civil Action No. 5:21-00219-OLG |

SUPPLEMENT TO REQUEST FOR ENTRY OF DEFAULT

Plaintiffs Catherine H. McMahan, as Conservator of Lawrence G. Hancock, H. Sycamore Creek Ranch L.P., and H. Sycamore Creek Ranch Management GP, LLC (hereinafter collectively "Plaintiffs") on April 7, 2021 filed their Request for Entry of Default ("Request") [Doc. 29] against defendant J. Patrick Rouse ("Rouse"). The Request was based on the fact that the record in this case demonstrated that there had been a failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure. Attached as Exhibit A to the Request was the Affidavit of Shane F. Langston, Esq., which affirmed: a) that pursuant to Fed. R. Civ. Proc. 15(a)(3) Rouse's answer to the amended complaint was due on April 5, 2021; b) that no answer was filed; c) that Langston emailed counsel for Rouse on April 6, 2021 notifying him that his client Rouse was

in default; d) that Rouse's counsel ignored the courtesy email notice; e) and that Plaintiffs on April 7, 2021 filed their Request for Entry of Default and such was served electronically on Rouse through his counsel.

Following the above, undersigned Plaintiffs' counsel on April 8, 2021 contacted the Clerk's office in the USDC for the Western District, San Antonio Division, to inquire of the status of the requested Entry of Default. Said office informed Plaintiffs' counsel that, while such requests for entry of default typically are entered immediately if supported by an affidavit, the Clerk's office was directed by a law clerk to delay entry of default for fourteen (14) days. The Clerk's office informed undersigned counsel that it had contacted the law clerk for guidance because there was no record of a returned summons for Rouse. As stated in the Request for Entry of Default, however, Rouse before the filing of the amended complaint had appeared, removed the action to federal court, filed a motion to dismiss and answered the original complaint. Rouse, therefore, waived summons. Issuance of summons was unnecessary if not improper. Rouse's answer to the amended complaint was due on April 5th.

Rule 55(a) is perfunctory and/or ministerial. If the affidavit and record show that the defendant failed to answer or otherwise defend then the Clerk "must" execute and file the Entry of Default. Fed. R. Civ. Pro. 55(a).

Respectfully, there is no provision in the rules that allow the Clerk the discretion to deny or delay a request for Entry of Default when a plaintiff shows by affidavit or otherwise that the defendant has not filed an answer or otherwise defended the subject complaint, i.e., regardless of whether the subject complaint is the original or an amended complaint. See, e.g., *Amoruso v. Commerce and Industry Insurance Company*, 241 W.Va. 517, 826 S.E.2d 642 (W. Va. 2019) ("Although Amoruso answered the original complaint and responded to discovery in the case, he did not respond to Commerce and Industry's properly served amended complaint."); *Scruggs v. Lewis*, 2020 Ark. App. 378 (Ark. App. 2020) ("Although appellants answered the original complaint along with requests for admissions, the amended complaint added numerous additional factual allegations in support of the same causes of action. The initial complaint consisted of fourteen pages and sixty-three numbered paragraphs, while the amended complaint consisted of thirty pages and 146 numbered paragraphs.")

Certainly, once an Entry of Default is entered by the Clerk as it must have under these undisputed circumstances, defendant Rouse may file his motion to set it aside; or, alternatively, may file his motion in opposition to Plaintiffs' anticipated motion for default judgment. But, with all due respect to the Clerk's

office and the law clerk who advised them, Entry of Default at this stage of the proceedings is mandatory and may not be arbitrarily delayed.

Plaintiffs, therefore, request that the Clerk immediately enter the Entry of Default.

Dated: April 8, 2021.

        Respectfully submitted,

        */s/ Shane Langston*
        Shane F. Langston, Esq.
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Shane Langston, hereby certify that on the below date I served the above on all counsel of record via the Court's electronic filing service.

Dated: April 8, 2021.

        */s/ Shane Langston*
        Shane F. Langston, Esq.
        Attorney for Plaintiffs